﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 191016-37910
DATE: November 27, 2019

ORDER

Entitlement to service connection for multiple broken bones as due to radiation exposure is denied.

REMANDED

Entitlement to service connection for prostate cancer as due to radiation exposure is remanded.

Entitlement to service connection for multiple myeloma as due to radiation exposure is remanded.

Entitlement to service connection for macular degeneration as due to radiation exposure is remanded.

FINDING OF FACT

The preponderance of the evidence of record is against finding that the Veteran has had multiple broken bones as due to radiation exposure at any time during or approximate to the pendency of the claim. 

CONCLUSION OF LAW

The criteria for entitlement to service connection for multiple broken bones as due to radiation exposure have not been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.311. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decisions on appeal were issued in August and October of 2019. In October 2019, the Veteran filed a VA Form 10-182, Decision Review Request: Board Appeal (Notice of Disagreement), seeking direct review by the Board. 

The Veteran served on active duty in the U.S. Navy from July 1958 to July 1962. 

Service Connection

Service connection may be established for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303. Service connection requires evidence showing: (1) a current disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a nexus between the current disability and the disease or injury incurred or aggravated in service. See Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability was incurred in service. 38 C.F.R. § 3.303 (d).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue, the benefit of the doubt shall be given to the Veteran. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. If the preponderance of the evidence is against the claim, the claim is to be denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).

Service connection for a disorder which is claimed to be attributable to ionizing radiation exposure during service can be accomplished in three different ways. Ramey v. Brown, 9 Vet. App. 40 (1996).

First, a “radiation-exposed veteran” is defined as a veteran who participated in a radiation-risk activity. “Radiation-risk activity” is defined, in pertinent part, to mean onsite participation in a test involving the atmospheric detonation of a nuclear device; the occupation of Hiroshima, Japan or Nagasaki, Japan; or internment as a prisoner of war. 38 C.F.R. § 3.309 (d). Diseases subject to presumptive service connection based on participation in a “radiation-risk activity” are included in 38 C.F.R. § 3.309 (d)(2).

Second, another set of radiogenic diseases found five years or more after service in an ionizing radiation-exposed Veteran may be service-connected if the VA Under Secretary for Benefits determines that they are related to ionizing radiation exposure while in service, or if they are otherwise linked medically to ionizing radiation exposure while in service. 38 C.F.R. § 3.311 (b)(2). These regulations provide instruction on the development of claims based on exposure to ionizing radiation. Pursuant to 38 C.F.R. § 3.311, a “radiogenic disease” is defined as a disease that may be induced by ionizing radiation. 38 C.F.R. § 3.311 (b)(2)(i) -(xxiv). 38 C.F.R. § 3.311 (a) calls for the development of a radiation dose assessment where it is established that a radiogenic disease first became manifest after service, where it was not manifest to a compensable degree within any applicable presumptive period specified in either 38 C.F.R. § 3.307 or § 3.309, and, relevant to the claim decided herein, where it is contended that the disease is a result of ionizing radiation in service. In pertinent part, the regulations direct that radiation dose data will be requested from the VA Under Secretary for Health, to the extent feasible, based on available methodologies. Id. 

Third, even if the claimed disability is not listed as a presumptive disease under 38 C.F.R. § 3.309 (d) or as a radiogenic disease under 38 C.F.R. § 3.311, service connection must still be considered under 38 C.F.R. § 3.303 (d) in order to determine whether the disease diagnosed after discharge was incurred during active service. See Combee v. Brown, 34 F.3d 1039 (Fed. Cir. 1994).

Entitlement to service connection for multiple broken bones as due to radiation exposure

The Veteran contends that he is entitled to service connection for multiple broken bones. The Board first observes that the record does not show the Veteran engaged in any “radiation-risk activity” as contemplated by 38 C.F.R. § 3.309 (d). As such, the Veteran cannot be presumed to have been exposed to ionizing radiation during service under § 3.309(d). Upon review of the entire records, the Board concludes that the Veteran does not have a current diagnosed disability for multiple broken bones and has not had one at any time during the pendency of the claim or recent to the filing of the claim. Service connection is therefore not warranted. 38 C.F.R. § 3.303(a), (d); Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The Board’s review indicates that service and VA treatment records are silent for complaints, diagnosis or treatment of multiple broken bones during service.

The Board finds that the medical evidence of record does not support the conclusion that the Veteran has ever been diagnosed with multiple broken bones during the pendency of the claim. While the Veteran believes he has multiple broken bones as due to radiation exposure, he is not competent to provide a diagnosis in this case. The issue is medically complex, as it requires specialized medical education. Jandreau v. Nicholson, 492 F.3d 1372, 1377, 1377 n.4 (Fed. Cir. 2007). The Board therefore finds that the evidence does not support the conclusion that the Veteran has a current disability. As with all claims for service-connection, in the absence of proof of a present disability, there can be no valid claim. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). Service connection is therefore not warranted. 38 C.F.R. § 3.303.

REASONS FOR REMAND

1. Entitlement to service connection for prostate cancer as due to radiation exposure is remanded.

2. Entitlement to service connection for multiple myeloma as due to radiation exposure is remanded.

3. Entitlement to service connection for macular degeneration as due to radiation exposure is remanded.

The Veteran asserts his prostate cancer, multiple myeloma, and macular degeneration are due to radiation exposure during his active duty service. The evidence of record does not show that the Veteran was exposed to radiation in service. 

Pursuant to § 3.311(a), in June 2019, a dose estimate was sought regarding the size and nature of the doses of radiation the Veteran was exposed to during service. Accordingly, in July 2019, a report was received from the Department of the Navy, Naval Dosimetry Center. The report stated that a review of the Center’s exposure registry by name, service number, command, and social security number revealed no reports of occupational exposure to ionizing radiation pertaining to the Veteran.

The report further stated it would be prudent to compare the report to any exposure record contained in the Veteran’s medical records. In this regard, a thorough review of the Veteran’s service treatment records (STRs) and official military personnel file (OMPF) does not reveal any evidence of radiation exposure.

However, the Veteran has a current diagnosis for prostate cancer, multiple myeloma, and macular degeneration which he contends is related to service. The Veteran is not precluded from establishing service connection for a disability with proof of direct causation under Combee. As no opinion currently exists addressing whether the Veteran’s claimed disabilities are related to service on a direct basis, remand for an opinion is required. 

The Board finds that additional development is needed prior to adjudication to the issues on appeal. The record shows the Veteran has been diagnosed with prostate cancer, myeloma, and macular degeneration for which he seeks service connection. The Veteran asserts that his claimed disabilities were caused by his active duty service. He states he was exposed to radiation when he flew through the testing zone from hydrogen bomb tests in 1960-1961. He recalls the sky turning red and that he had to wear a radiation tag as he was part of the voice telemetry, electronic countermeasures and that he also operated the radar. 

There is insufficient evidence, however, for the Board to render a determination on his claims, as the Veteran has not been afforded a VA examination. VA has a duty to provide an examination or obtain a medical opinion on an issue of service connection when the record, 1) contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, 2) indicates that the disability or signs and symptoms of a disability may be associated with active service, and 3) the record does not contain sufficient information to make a decision on the issue. 38 U.S.C. § 5103A(d) (West 2014); McLendon v. Nicholson, 20 Vet. App. 79, 81 (2006). The threshold for determining whether the evidence “indicates” that there “may” be a nexus between a current disability and an in-service event is a low one. McLendon, 20 Vet. App. at 83. As such, based on the record before the Board, a remand for VA examination is necessary to determine the nature and etiology of the Veteran’s conditions. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the nature and etiology of his prostate cancer, multiple myeloma, and macular degeneration. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed. The examiner is requested to review all pertinent records associated with the claims file, including a copy of this remand, the Veteran’s service treatment records, post-service medical records, and statements. 

It should be noted that the Veteran is competent to attest to factual matters of which he had first-hand knowledge. If there is a medical basis to support or doubt the history provided by the appellant, the examiner should provide a fully reasoned explanation.

After examining the Veteran, and considering his pertinent medical history and lay statements regarding his reported symptoms, the examiner should opine as to: 

Whether it is at least as likely as not (a 50 percent probability or greater) that his prostate cancer, multiple myeloma, and macular degeneration were incurred in, aggravated by, or etiologically related to his military service.

A clear rationale for all opinions must be provided and a discussion of the facts and medical principles involved would be of considerable assistance to the Board.

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board T. Javed, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.